**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

| | |
|---|---|
| GILES COUNTY, | |
| Plaintiff, | |
| v. | Civil Action No. 7:18cv618 |
| EXPRESS SCRIPTS HOLDING COMPANY; EXPRESS SCRIPTS, INC; OPTUM RX, INC.; UNITEDHEALTH GROUP INCORPORATED, *et al.*, | |
| Defendants. | |

## PLAINTIFF'S MOTION TO REMAND
## AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Plaintiff, by and through the undersigned attorneys, and hereby submits this Motion to Remand and Incorporated Memorandum of Law. Defendants' removal on Class Action Fairness Act ("CAFA") and federal question grounds is baseless and improper. The Plaintiff has filed an individual action in its capacity as a sovereign, seeking the damages it alone has suffered because of Defendants' purposeful and unlawful acts that have foreseeably caused harm to the municipality. For the reasons set forth herein, the Court should promptly remand this action back to state circuit court where it belongs.

## INTRODUCTION

Plaintiff filed this suit in state circuit court seeking injunctive relief and damages for the harm caused to it, as a municipality, by opioid manufacturers, distributors, and pharmacy benefit managers. The claims asserted are Plaintiff's alone. Plaintiff seeks to recover the costs it has incurred and continues to incur as a direct result of Defendants' purposeful scheme to facilitate and profit from improper opioid utilization.

Defendants UnitedHealth Group Incorporated, OptumRx, Inc., Express Scripts Holding Company and Express Scripts, Inc. (collectively, the "Removing Defendants"), removed Plaintiff's claim to federal court using arguments that have been repeatedly rejected across the country in similar cases related to the opioid epidemic.

A timely ruling upon this Motion to Remand is essential. Rather than litigate these claims in the forum of Plaintiff's choosing, the Removing Defendants' end game is, via removal, to force Plaintiff into Multidistrict Litigation Docket No. 2804 pending in the Northern District of Ohio. However, this is not the Removing Defendants' choice to make. Indeed, the Judge presiding over the MDL has repeatedly acknowledged the reality and efficacy of parallel state proceedings. *See, e.g.*, *In re: Nat'l Prescription Opiate Ligi.*, Case No. 1:17-md-2804, Case Management Order No. 1, ECF No. 232, p. 11 (Apr. 11, 2018) ("The Court acknowledges it has no jurisdiction over related State court proceedings.") This case was properly filed in Virginia state court, and Plaintiff should not be involuntarily swept up in the massive federal MDL.

The Plaintiff's Motion to Remand should be granted because: (1) CAFA does not provide a basis for removal because this suit is not a class action – a conclusion supported both by the Fourth Circuit and the only federal court decisions to address this argument in the Opioid context; and (2) there is no federal question at issue in the Complaint.

Thus, for the reasons discussed herein, the Plaintiff asks this Court to reject the Removing Defendants' arguments, remand this matter back to Virginia state court, and award the Plaintiff its costs and fees associated with this Motion.[1]

---

[1] As the Removing Defendants readily acknowledge, they were not yet actually served with the Summons or Complaint in this case. Whether such pre-service removal is even effective in the first instance is an open question. Regardless of the efficacy of the removal, however, for the reasons discussed below, the removal is defective because this Court does not have jurisdiction over the claims made in the Complaint.

**<u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>**

The public health crisis caused by the opioid epidemic is no accident. It is the foreseeable consequence of the intentional acts and negligence of the named Defendants in this case. Their purposeful scheme to increase opioid utilization through fraudulent marketing, distribution, and reimbursement of prescription opioids ("opioids") has predictably resulted in an explosion of addiction, overdose and the accompanying foreseeable consequences. Municipalities such as Dickenson have been forced to allocate precious public resources to address the direct harms suffered as a result: increased burden on law enforcement, public health services, the court system, the foster care system, education – virtually every facet of government administration is adversely impacted by the epidemic.

In light of these facts, the Plaintiff brought suit to recover damages based on the numerous costs it has incurred as a result of the Defendants' misconduct. In its Complaint, Plaintiff seeks to abate the public nuisance caused by the opioid epidemic and to recoup monies spent and costs incurred as a result of Defendants' purposeful conduct to increase opioid utilization.

The Plaintiff brings this action against four classes of Defendants – each of whom played an essential part in the opioid epidemic in Plaintiff: (1) the Manufacturer Defendants who produced

the drugs at issue[2], (2) the Distributor Defendants who turned a blind eye to the drugs' movement[3], (3) the Pharmacy Benefit Manager ("PBMs") Defendants who ensured the drugs' reimbursement[4], and (4) Doe Defendants 1 to 100 who played other assorted roles geared towards maximizing improper opioid use ("Doe Defendants"). (Compl. ¶¶ 3-5, 28-196.)

The Complaint seeks compensatory and punitive damages, treble damages pursuant to statute where appropriate, and alleges causes of action under Virginia law for: (1) public nuisance in violation of Virginia Code § 15.2-900, (2) common law public nuisance, (3) violations of the Virginia Consumer Protection Act, Virginia Code § 59.1-196, *et. seq*., (4) fraud, (5) common law civil conspiracy, (6) negligence per se (against the Manufacturer Defendants), (7) negligence per se (against the Distributor Defendants), (8) negligence, (9) gross negligence, (10) willful and wanton negligence, and (11) unjust enrichment.

---

[2] The Manufacturer Defendants include PURDUE PHARMA, L.P., PURDUE PHARMA, INC., THE PURDUE FREDERICK COMPANY, INC., RHODES PHARMACEUTICALS, L.P., ABBOTT LABORATORIES, ABBOTT LABORATORIES, INC., MALLINCKRODT PLC, MALLINCKRODT LLC, ENDO HEALTH SOLUTIONS, INC., ENDO PHARMACEUTICALS, INC., TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC., BARR LABORATORIES, INC., JANSSEN PHARMACEUTICALS, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA, INC., WATSON LABORATORIES, INC., ACTAVIS PHARMA, INC., ACTAVIS, LLC, ALLERGAN PLC, INSYS THERAPEUTICS, INC., KVK-TECH, INC., AMNEAL PHARMACEUTICALS LLC, IMPAX LABORATORIES, LLC, AMNEAL PHARMACEUTICALS, INC., AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, and MYLAN PHARMACEUTICALS, INC.

[3] The Distributor Defendants include McKESSON CORPORATION, MCKESSON MEDICAL-SURGICAL INC., CARDINAL HEALTH, INC., AMERISOURCEBERGEN CORPORATION, HENRY SCHEIN, INC., GENERAL INJECTABLES & VACCINES, INC., INSOURCE, INC., CVS HEALTH CORPORATION, CVS PHARMACY, INC., CVS TN DISTRIBUTION, L.L.C., WALGREENS BOOTS ALLIANCE, INC., and WALGREEN CO.

[4] The PBM Defendants include EXPRESS SCRIPTS, HOLDING COMPANY, EXPRESS SCRIPTS, INC., CVS HEALTH CORPORATION, CAREMARK RX, L.L.C., CAREMARKSPCS HEALTH, L.L.C., CAREMARK, L.L.C., UNITEDHEALTH GROUP INCORPORATED, OPTUM, INC., and OPTUMRX, INC.

The Removing Defendants have removed this case alleging two bases for federal jurisdiction — both of which lack merit.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. "The threshold question in any matter brought before a federal court is whether the court has jurisdiction to resolve the controversy involved." *17th St. Assocs., LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 591 (E.D. Va. 2005). Section 1441(a) of Title 28 of the United States Code permits a defendant to remove an action to federal district court, but only if the plaintiff could have brought the action in federal court originally. 28 U.S.C. § 1441(a). "[T]he removal statute allows defendants to remove a case to federal court only if 'the district courts of the United States have original jurisdiction' over it." *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) (citing 28 U.S.C. § 1441(a)).

Courts typically must "construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated" by it. *Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). Furthermore, "[t]he burden of demonstrating jurisdiction resides with 'the party seeking removal.'" *Id.* Thus, in deciding whether to remand, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (citation omitted). Indeed, even in cases involving removal under CAFA, "[t]he burden of establishing federal jurisdiction for a class or mass action under CAFA is on the removing party." *AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 390 (4th Cir. 2012).

Here, neither of the bases for removal asserted by the Removing Defendants applies. First, this case is not a class action – indeed Virginia procedure does not even provide for class actions.

5

Second, this case cannot be removed on federal question grounds because the claims in the Complaint are brought under state law, and the case does not fit into the rare class of cases involving state law claims that "necessarily depend[] upon a question of federal law" and therefore give rise to federal question jurisdiction. This rare jurisdictional exception applies "only when every legal theory supporting the claim requires the resolution of a federal issue," which is not the case here. *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181-82 (4th Cir. 2014) (observing that this small category of federal question jurisdiction arises "only when every legal theory supporting the [state law] claim requires the resolution of a federal issue").

## ARGUMENT

## I.     THE CLASS ACTION FAIRNESS ACT DOES NOT APPLY TO THIS CASE

The Removing Defendants rely principally on the Class Action Fairness Act, or CAFA, in support of their Notice of Removal. CAFA does not apply to this case.

CAFA permits defendants to remove class actions to federal court. The statute defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representatives." 28 U.S.C. § 1332(d)(1)(B) (emphasis added).

As explained by the Fourth Circuit, "while a 'similar' state statute or rule need not contain all of the other conditions and administrative aspects of Rule 23, it must, at minimum, provide a procedure by which a member of a class whose claim is typical of all members of the class can bring an action not only on his own behalf but also on behalf of all others in the class, such that it would not be unfair to bind all class members to the judgment entered for or against the representative party." *West Virginia v. CVS Pharm., Inc.* 646 F.3d 169, 175 (4th Cir. 2011) (emphasis added) (footnote omitted).

This case clearly is not a class action. The Complaint was filed by Plaintiff alone, with no other plaintiffs, and not pursuant to any Virginia statute or rule that provides a procedure by which Plaintiff would sue on behalf of other members of a class and any judgment would bind other members of the class.

The damages sought by Plaintiff are not damages common to any class members; instead, the Plaintiff seeks damages for the past, present, and future expenditures of the Plaintiff's public funds to respond to the serious public health and safety crisis involving opioid abuse, addiction, morbidity, and mortality. Plaintiff is seeking costs for public safety expenditures (such as law enforcement, paramedics, incarceration, drug task forces and related overtime hours), costs for providing emergency medical care and treatments, costs for child protection and related social services, as well as costs for treatment counseling and other social services dedicated to addressing the public health crisis caused by the Defendants' reckless disregard for the safety and well-being of the residents of the Plaintiff.

Notably, Virginia procedure does not even provide for class actions. As the Supreme Court of Virginia observed in *Casey v. Merck & Co.*, 283 Va. 411, 418-19, 722 S.E.2d 842, 846 (2012), a "putative class action is a representative action in which a representative plaintiff attempts to represent the interests of not only named plaintiffs, but also those of unnamed class members. ... Virginia jurisprudence does not recognize class actions. Under Virginia law, a class representative who files a putative class action is not recognized as having standing to sue in a representative capacity on behalf of the unnamed members of the putative class." (citation omitted) (emphasis added).

The Removing Defendants contend, however, that even though Plaintiff's Complaint does not fit within the threshold definition established by the Fourth Circuit, and even though Virginia

does not even recognize class actions, the Complaint nonetheless should be viewed as a class action under CAFA because (i) Plaintiff's claims are allegedly brought on behalf of individual residents of the Plaintiff, and thus those residents should be considered the "real" parties in interest for purposes of CAFA's provisions; and (ii) the City of Martinsville, which is the plaintiff in a separate lawsuit claiming damages from these same defendants' involvement in the opioid epidemic, is seeking to have claims against these defendants transferred to a specific circuit court for coordinated or consolidated pretrial proceedings pursuant to Virginia Code § 8.01-267.4. (Notice of Removal, Dkt 1, ¶¶ 14-17). These contentions are unsupportable.

A.    *The Fourth Circuit Has Rejected the Argument that a Government Body's Claims are Brought on Behalf of its Individual Citizens and thus Subject to CAFA*

With respect to the argument that Plaintiff's claims are brought on behalf of the citizens of the Plaintiff, in two separate decisions involving government plaintiffs, the Fourth Circuit has specifically rejected the argument that citizens of a public body should be considered the real parties in interest when the public body sues for damages. *See AU Optronics v. South Carolina*, 699 F.3d 385 (4th Cir. 2012); *West Virginia v. CVS Pharm.*, 646 F.3d 169.

In *CVS Pharmacy*, West Virginia's attorney general sued pharmaceutical companies under the state's Pharmacy Act and its Consumer Credit Protection Act, alleging that the pharmacy defendants had overcharged West Virginia's citizens in violation of these state statutes.

The defendants removed under CAFA, arguing that the complaint "was a disguised class action designed to recover funds on behalf of those consumers who have allegedly paid overcharges …." and that because the lawsuit sought refunds "*on behalf* of each affected West Virginia purchaser of generic drugs" the case was a "representational proceeding" and therefore qualified as a class action under CAFA. 646 F.3d at 173 (internal quotation marks omitted) (emphasis in original).

The Fourth Circuit rejected this argument. The court noted that the West Virginia consumer statutes forming the basis of the claims "contain virtually none of the essential requirements for a Rule 23 class action." *Id.* at 175-76. The court pointed out that the Pharmacy Act and Consumer Credit Protection Act contained none of the "numerosity, commonality, or typicality requirements, all of which are essential to a class action." *Id.* at 176. And the court further defined the type of claims that would count as class actions under CAFA, stating that, "for a representative suit to be a class action, the representative party 'must be part of the class and possess the same interest and suffer the same injury as the class members.'" *Id.* (internal quotation marks and citations omitted). The court then observed that the claims at issue did not "require the State to be a member of the class, to suffer the same injury as class members, or to have a claim typical of each class member's claim." *Id.*

One year later, in *AU Optronics*, the Fourth Circuit again rejected the defendants' "real parties in interest" argument. In that case, the defendants/appellants argued that the court should "look to the citizenship of the real parties in interest (i.e., those South Carolina citizens who purchased products with LCD panels made by AU Optronics and LG Display)." 699 F.3d at 391. The Fourth Circuit disagreed, holding that the "purpose of these cases is the protection of the State's citizens and upholding the integrity of South Carolina law." *Id.* at 394.

Notably, the *AU Optronics* facts actually provided more support for application of CAFA than this case does, because *AU Optronics* included a "restitution" claim brought by the State. The restitution claim permitted the trial court to make restitutionary awards directly to the individual citizens who had been harmed by the defendants' practices. The defendants/appellants in that case argued that this restitutionary feature meant that the court should have considered each of the citizens who qualified for such restitution as a real party in interest. *Id.* at 390, *et seq.*

9

In addressing – and rejecting – this argument, the Fourth Circuit declined to follow the "claim-by-claim" approach favored by some circuits (including the Fifth Circuit), which required that each claim be analyzed and the real parties in interest be determined on a claim-by-claim basis. As applied in that case, the claim-by-claim approach would have meant that each citizen entitled to a restitution award would be considered a real party in interest.

Instead, however, the Fourth Circuit expressly embraced the "whole-case approach," which "requires the court to consider the complaint in its entirety and decide from the nature and substance of its allegations what interest the state possesses in the lawsuit as a whole." *Id.* at 391. The appellate court then wrapped up its opinion with these observations:

> The purpose of these cases is the protection of the State's citizens and upholding the integrity of South Carolina law. The State, in these *parens patriae* actions, is enforcing its own statutes in seeking to protect its citizens against price-fixing conspiracies. That the statutes authorizing these actions in the name of the State also permit a court to award restitution to injured citizens is incidental to the State's overriding interests and to the substance of these proceedings. Those citizens are not named plaintiffs here, and they need not be considered in the diversity analysis of the State's claims. Thus, CAFA's minimal diversity requirement is not satisfied in either of these cases, and the district court properly remanded them to state court.

*Id.* at 394 (emphasis added) (footnote omitted).

All of the reasons that caused the Fourth Circuit to reject the "real parties in interest" arguments of the defendants in *AU Optronics* and *CVS Pharmacy* are present here. Plaintiff has filed this suit on its own behalf. None of the statutory or common law claims in the Complaint feature the numerosity, typicality or commonality requirements essential to a class action. And even if some of the claims in the suit could be considered to directly benefit individual citizens of the Plaintiff (they cannot), the Fourth Circuit in *AU Optronics* has made clear that such a "claim-by-claim" analysis is improper. Instead, this Court must view the Complaint "in its entirety," and

10

decide "from the nature and substance of its allegations" what interest Plaintiff possesses in the lawsuit as a whole.

In viewing the Complaint in its entirety, it is clear that the purpose of the suit is the protection of Plaintiff's citizens and the recovery of damages suffered by Plaintiff directly in the form of costs incurred by the Plaintiff to address and abate the opioid epidemic. None of the Plaintiff's claims in this case involve direct restitutionary payments to individual citizens – although even if they did, that alone would not be sufficient to permit the Court to consider any of those individual citizens as the "real parties" in interest.

B.      *Virginia's Multiple Claimant Litigation Act Does Not Support CAFA Removal*

Furthermore, the fact that the City of Martinsville is seeking to have cases transferred to a specific circuit court for coordination of pretrial proceedings does not support removal either. This consolidation process does not involve the representative elements of a class action – Plaintiff, or any other municipal plaintiff, cannot act "on behalf of" any other parties to the consolidated cases, and it did not file its Complaint "on behalf of" any other party. *See* Va. Code Ann. §§ 8.01-267.1 *et seq.* (containing provisions related to Virginia's Multiple Claimant Litigation Act).

Moreover, and perhaps most importantly, CAFA class action removal jurisdiction is not available where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). There are indisputably significantly less than 100 locality plaintiffs that may be impacted by any orders entered by the panel convened under Virginia's Multiple Claimant Litigation Act.

Furthermore, while the Removing Defendants describe the Virginia process as an effort to create a state-based MDL, that comparison is not relevant to the question of *class action* removal. Indeed, CAFA itself recognizes that there is a difference between, on the one hand, class action

procedure where a named plaintiff in a single case acts on behalf of a "class" of unnamed plaintiffs, and, on the other hand, circumstances where there are multiple individual cases sharing common questions of law and fact.

CAFA refers to the latter circumstances involving a number of individual cases as "mass actions" – in fact, CAFA provides for removal of "mass actions" to federal court in a separate provision of the act from those sections dealing with class action removal. However, a "mass action" under CAFA is only removable where there are (i) more than 100 cases, and (ii) common questions of law and fact between the claims. 28 U.S.C. § 1332(d)(11)(B)(i).

The fact that CAFA has a separate provision that specifically addresses circumstances where a group of cases are not class actions but do involve multiple individual cases is important to this analysis – it reveals that the drafters of the statute did not intend the "class action" provisions of CAFA to apply to multiple individual cases, such as those Virginia cases that could be impacted by any orders entered pursuant to the Multiple Claimant Litigation Act. Instead, if anything, a number of individual cases sharing common questions of law and fact would be treated as a "mass action" for CAFA purposes.

As noted above, however, CAFA requires that removable "mass actions" involve more than 100 individual cases; since there are not more than 100 cases potentially impacted by the Multiple Claimant Litigation Act proceedings, CAFA's "mass action" provisions do not apply either. And, tellingly, the Removing Defendants do not even contend that CAFA's "mass action" provisions apply, presumably because they realize that the 100-case barrier is insurmountable.

C. *Other Federal Courts Have Rejected These Arguments in the Opioid Context*

Finally, if there were any remaining doubt (and there should not be), the Second Circuit Court of Appeals addressed the Defendants' arguments in a case nearly identical to this one.

12

*Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208 (2d Cir. 2013), involved public bodies (the Commonwealth of Kentucky and Pike County, Kentucky) that had sued for, among other things, public nuisance, which is one of the claims in Plaintiff's Complaint. The suit sought damages related to the opioid crisis, and it named as defendants Purdue Pharma, one of the principal defendants here. Citing to, among other decisions, the Fourth Circuit's opinion in *AU Optronics*, the Second Circuit rejected the defendants' arguments and concluded that CAFA removal jurisdiction did not exist. *Id.* at 220-21.

In addition, earlier this year, the United States District Court for the District of New Hampshire also rejected opioid defendants' CAFA removal argument, in the process citing both to the Second Circuit's decision in *Purdue Pharma v. Kentucky* and the Fourth Circuit opinions discussed above. *See New Hampshire v. Purdue Pharma, et al.*, 1:17-cv-427-PB, 2018 U.S. Dist. LEXIS 3492, at *11 (D.N.H. Jan. 9, 2018) (rejecting the removing defendants' CAFA argument).

For all of these reasons, the Court should determine that CAFA's removal provisions do not apply and should grant the Motion to Remand.

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THERE IS NO FEDERAL QUESTION AT ISSUE IN THE COMPLAINT

The Court also should grant the Motion to Remand because Plaintiff's Complaint seeks no relief under federal law. All eleven causes of action pled in the Complaint arise under Virginia law, and every element that the Plaintiff must establish to prove those eleven causes of action derive solely from and depend solely upon Virginia law. That being the case, there is no federal question at issue in the complaint, and, thus, this Court lacks subject matter jurisdiction over this case.

When considering whether an action arises under federal law, "the well-pleaded complaint rule demands that we confine our inquiry to the plaintiff's statement of his own claim . . . unaided

13

by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014) (quotation marks omitted). "Most of the cases brought under § 1331 federal question jurisdiction 'are those in which federal law creates the cause of action.'" *Mulcahey*, 29 F.3d at 151 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 (1986)). A far narrower category of cases creating federal jurisdiction involves cases that arise under state law but implicate a significant federal issue. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

Federal jurisdiction over this "special and small category of cases" will only lie, however, "if a federal issue is:  (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). In assessing whether a plaintiff's claim "necessarily" raises a federal issue, the Fourth Circuit has observed that, "a plaintiff's right to relief for a given claim necessarily depends upon a question of federal law <u>only when every legal theory supporting the claim requires the resolution of a federal issue</u>." *Flying Pigs*, 757 F.3d at 182 (emphasis added) (citation omitted).

Thus, the removing party must prove that federal law not only conflicts with and occupies the same space as the state cause of action, but that it renders the state law cause of action meaningless were it to be asserted without substantively relying on federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 11 (2003). That means that "[e]ven if preemption forms the very core of the litigation, it is insufficient for removal" where the state law cause of action exists without necessarily relying on the disputed federal law. *Lontz v. Tharp*, 413 F.3d at 441.

14

The Removing Defendants stake their removal here on the unremarkable facts that certain of Plaintiff's state law causes of action allege violations "of Virginia and Federal Law," and that the Complaint notes that the Defendants have a duty to comply with the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*. (Notice of Removal, Dkt 1, ¶¶ 25, 26). However, it is well established that the "presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. at 813 (footnote omitted). Rather, in order for the Removing Defendants to establish grounds for removal, they must prove that the Plaintiff's state law causes of action could not possibly exist without relying on federal law. *Lontz v. Tharp*, 413 F.3d at 441. The Removing Defendants have not and cannot meet this onerous burden.

In addition, a number of other courts across the country have rejected similar federal question jurisdiction arguments. *See, e.g., McCallister v. Purdue Pharma, L.P.*, 164 F. Supp. 2d 783 (S.D. W. Va. 2001). Controlling precedent has long established that even where a state court could address some issue of federal law, this alone is insufficient to establish subject matter jurisdiction in federal court. *See, e.g., Merrell Dow Pharm. v. Thompson* (1986) 478 U.S. at 814 (finding that "the presence of a claimed violation of [a federal] statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." (footnote omitted)); *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 817 (4th Cir. 2004) (finding that federal subject matter jurisdiction did not exist despite the fact that the state cause of action could require interpreting the First Amendment); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 154 (4th Cir. 1994) (finding "that the Plaintiffs' reference to federal environmental statutes in their state

common law negligence action cannot support federal subject matter jurisdiction in the instant case.").[5]

Finally, applying the same or similar legal precepts as those referenced above, numerous federal district courts have rejected the Removing Defendants' federal question argument for removal specifically in the context of cases arising out of the opioid epidemic. *See, e.g.*, *New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, 323 F. Supp. 3d 1242, 1249 (D.N.M. 2018); *City of Reno v. Purdue Pharma, L.P.*, No. 3:18-cv-454, 2018 U.S. Dist. LEXIS 187821, 2018 WL 5730158 (D. Nev. Nov. 2, 2018); *Weber Cty. v. Purdue Pharma, L.P.*, No. 1:18-CV-00089-RJS, 2018 U.S. Dist. LEXIS 133312, 2018 WL 3747846 (D. Utah Aug. 7, 2018); *Cty. of Anderson v. Perdue Pharma LP, et al.*, No. 8:18-cv-1947-BHH, ECF. No. 44 (D.S.C. Aug. 17, 2018); *Uintah*

---

[5] Even where a plaintiff's state law claim asserts the violation of a federal statute or regulation as the crux of the liability, courts have concluded that this does not give rise to federal question jurisdiction. *See Clark v. Velsicol Chem. Corp.*, 944 F.2d 196 (4th Cir. 1991) (finding no jurisdiction over a negligence claim alleging that the manufacturer and distributor of a chemical failed to comply with federal regulations governing the packaging, shipping and labeling of hazardous materials); *City of Huntsville v. City of Madison*, 24 F.3d 169 (11th Cir. 1994) (dismissing case for lack of subject matter jurisdiction where suit involved a declaratory judgment action to determine contractual rights that turned on the interpretation of a federal statute); *L-3 Commc'ns Corp. v. Serco, Inc.*, 39 F. Supp. 3d 740, 748 (E.D. Va. 2014) (refusing to find jurisdiction over contract claims that that involved federal regulations because, among other things, "[t]he mere fact that a court necessarily must interpret federal law or federal regulations to determine the merits of a claim is insufficient to confer federal jurisdiction") (citing and quoting *Nelson v. Mitchell Energy Corp.*, 941 F. Supp. 73, 75 (N.D. Tex. 1996)); *Daniels v. Potomac Elec. Power Co.*, 789 F. Supp. 2d 161 (D.D.C. 2011) (remanding a negligence claim for failure to provide a safe working environment in violation of OSHA and other laws); *Virginia v. Supportkids, Inc.*, No. 3:08cv153, 2008 U.S. Dist. LEXIS 33474, at *9 (E.D. Va. Apr. 23, 2008) ("[E]ven if the plaintiffs' [state law] claims … required the Court to interpret federal law, the Court would not have federal-question jurisdiction because Congress did not create a federal right to force a state agency to substantially comply with Title IV-D." (citation omitted)); *Ratmansky v. Plymouth House Nursing Home, Inc.*, No. 05-0610, 2005 U.S. Dist. LEXIS 5713, at *16 (E.D. Pa. Apr. 6, 2005) (holding that "mere incorporation of a federal standard into Plaintiff's state law claims does not confer federal subject matter jurisdiction"); *Iovine v. City of New York*, No. 98 CIV 2767, 1998 U.S. Dist. LEXIS 20420 (S.D.N.Y. Jan. 5, 1999) (finding no federal jurisdiction in a breach of contract claim that required the interpretation of a federal regulation that did not provide a federal private cause of action).

*Cty. v. Purdue Pharma, L.P.*, No. 2:18-CV-00585-RJS, 2018 U.S. Dist. LEXIS 133310, 2018 WL 3747847 (D. Utah Aug. 7, 2018); *Del. ex rel. Denn v. Purdue Pharma L.P.*, No. 1:18-cv-383, 2018 U.S. Dist. LEXIS 69406, 2018 WL 1942363, at *1 (D. Del. Apr. 25, 2018); *State of Oklahoma v. Purdue Pharma*, No. Civ-18-574-M, ECF No. 53 (W.D. Okla. Aug. 3, 2018).

## III. THE COURT SHOULD AWARD COSTS AND FEES

"The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Therefore, if it appears that the federal court lacks jurisdiction and the case is remanded, the district court has broad discretion to award a plaintiff costs and fees under 28 U.S.C. § 1447(c). The Court may award fees where the removing party lacked an objectively reasonable basis for removal. *Id.* at 131. Given the lack of an objectively reasonable basis for the Removal Defendants' removal of this action, an award of attorney's fees is appropriate. *See Miller v. Baker*, No. 5:09CV00094, 2010 WL 3585423, at *2 (W.D. Va. Sept. 9, 2010) ("Given the lack of an objectively reasonable basis for removal, the court finds that the award of attorney's fees is warranted in this case.")

## CONCLUSION

Remand is required because this Court lacks subject matter jurisdiction over this case. CAFA does not apply, and the Complaint does not involve any claims that arise under federal law. Plaintiff therefore respectfully requests that this case be summarily remanded to the Circuit Court from which it was removed.

**[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]**

17

**Respectfully submitted,**                    **GILES COUNTY**


_____/s/ R. Johan Conrod, Jr._____
**SANFORD HEISLER SHARP, LLP**
Grant Morris (VSB No. 16290)
gmorris@sanfordheisler.com
Kevin Sharp (*pro hac vice to be submitted*)
ksharp@sanfordheisler.com
Ross Brooks (*pro hac vice to be submitted*)
RBrooks@sanfordheisler.com
Saba Bireda (*pro hac vice to be submitted*)
sbireda@sanfordheisler.com
Andrew Miller (*pro hac vice to be submitted*)
amiller@sanfordheisler.com
611 Commerce Street, Suite 3100
Nashville, TN 37203
Tel:  (615) 434-7000
Fax:  (615) 434-7020


**THE CICALA LAW FIRM PLLC**
Joanne Cicala (*pro hac vice to be submitted*)
joanne@cicalapllc.com
101 College Street
Dripping Springs, TX 78620
Tel:  (512) 275-6550
Fax:  (512) 858-1801


**KAUFMAN & CANOLES, P.C.**
W. Edgar Spivey (VSB No. 29125)
wespivey@kaufcan.com
Patrick H. O'Donnell (VSB No. 29637)
phodonnell@kaufcan.com
R. Johan Conrod, Jr. (VSB No. 46764)
rjconrod@kaufcan.com
Lauren Tallent Rogers (VSB No. 82711)
ltrogers@kaufcan.com
150 West Main Street, Suite 2100
Norfolk, VA 23510-1665
Tel:  (757) 624-3000
Fax:  (888) 360-9092

18

**GILES COUNTY ATTORNEY**
Richard Chidester (VSB No. 22185)
rchidester@gilescounty.org
County Attorney
215 North Main Street
Pearisburg, VA 24134
Tel:  (540) 921-2525

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

WILLIAMS MULLEN
Turner A. Broughton
200 South 10th Street
Suite 1600
Richmond, VA 23219
Tel.: (804) 420–6926
Fax: (804) 644-0957
tbroughton@williamsmullen.com
(*Attorneys for Defendants UnitedHealth Group Incorporated, Optum, Inc., and OptumRx, Inc.*)


HIRSCHLER LAW
Jacqueline C. Hedblom
The Edgeworth Building
2100 East Cary Street
Richmond, VA 23223
Tel.: (804)771-9500
Fax: (804)644-0957
jhedblom@hirschlerlaw.com

KOBRE & KIM LLP
Adriana Riviere-Badell
201 South Biscayne Boulevard
Suite 1900
Miami, Florida 33131
Tel.: (305) 967 6100
Fax: (305) 967 6120
adriana.riviere-badell@kobrekim.com

KOBRE & KIM LLP
Julian W. Park
150 California Street, 19th Floor
San Francisco, California 94111
Tel.: (415) 582-4800
Fax: (415) 582-4811
julian.park@kobrekim.com

(*Attorneys for Defendants Express Scripts Holding Company and Express Scripts, Inc.*)

**OTHER NOTICE IS BEING SENT TO THE FOLLOWING PARTIES VIA US MAIL POSTAGE PREPAID:**

Eric R. Delinsky
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036–5807
Tel.: (202) 778–1800
edelinsky@zuckerman.com
(*Attorneys for CVS Health Corporation; CVS Pharmacy, Inc.; Caremark Rx, L.L.C.; CaremarkPCS Health, L.L.C. d/b/a CVS/Caremark; Caremark, L.L.C. and CaremarkPCS, L.L.C.*)


Purdue Pharma, L.P.; Purdue Frederick Company, Inc.
The Prentice-Hall Corporation
251 Little Falls Drive
Wilmington, Delaware 19808
*Defendants*


Purdue Pharma, Inc.
The Prentice-Hall Corporation
80 State Street
Albany, New York 12207
*Defendant*
Rhodes Pharmaceuticals, L.P.
Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808
*Defendant*


Abbott Laboratories; Abbot Laboratories, Inc.
The Corporation Service Company
4701 Cox Road, Suite 285
Glen Allen, Virginia 23060
*Defendants*


Mallinckrodt LLC; Mallinckrodt PLC
CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, Virginia 23060
*Defendant*


Endo Health Solutions, Inc.; Endo Pharmaceuticals, Inc.; Par Pharmaceutical Companies, Inc.
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

*Defendants*

Par Pharmaceutical, Inc.
CT Corporation System
111 Eight Avenue, 13th Floor
New York, New York 10011
*Defendant*

Teva Pharmaceuticals USA, Inc.
Corporate Creations Network Inc.
3411 Silverside Road Tatnall Building, Suite 104
Wilmington, Delaware 19810
*Defendant*

Cephalon, Inc.
425 Privet Rd.
Horsham, Pennsylvania 19044
*Defendant*

Barr Laboratories, Inc.
Corporate Creations Network Inc.
6802 Paragon Place Suite 410
Richmond, Virginia 23230
*Defendant*

Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Janssen
Pharmaceutica, Inc.
1125 Trenton-Harbourton Road
Titusville, New Jersey 08560
*Defendants*

Watson Laboratories, Inc.; Allergan PLC
Corporate Creations Network Inc.
8275 South Eastern Avenue, #200
Las Vegas, Nevada 89123
*Defendants*

Actavis, LLC; Allergan PLC
Corporate Creations Network Inc.
3411 Silverside Road Tatnall Building, Suite 104
Wilmington, Delaware 19810
*Defendants*

Actavis Pharma, Inc.; Allergan PLC
Corporate Creations Network Inc.
6802 Paragon Place #410
Richmond, Virginia 23230
*Defendants*

Insys Therapeutics
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801
*Defendant*

KVK-Tech, Inc.
c/o Frank Ripp, Jr.
110 Terry Drive
Newton, Pennsylvania 18940
*Defendant*

Amneal Pharmaceuticals LLC
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801
*Defendant*

Impax Laboratories, LLC
Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808
*Defendant*

Amneal Pharmaceuticals, Inc.
Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808
*Defendant*

Amneal Pharmaceuticals of New York, LLC
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801
*Defendant*

Mylan Pharmaceuticals, Inc.
CT Corporation System
4701 Cox Road, Ste. 285
Glen Allen, Virginia 23060
*Defendant*

McKesson Corporation; McKesson Medical-Surgical, Inc.
Corporation Service Company
100 Shockoe Slip, 2nd Floor
Richmond, Virginia 23219
*Defendants*

Cardinal Health, Inc.
CT Corporation System,
4400 Easton Commons Way Suite 125
Columbus, Ohio 43219
*Defendant*

AmerisourceBergen Drug Corporation
CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, Virginia 23060
*Defendant*

Henry Schein, Inc.
Corporation Service Company
100 Shockoe Slip, 2nd Floor
Richmond, Virginia 23219
*Defendant*

General Injectables & Vaccines, Inc.
Corporation Service Company
100 Shockoe Slip, 2nd Floor
Richmond, Virginia 23219
*Defendant*

Insource, Inc.
Corporation Service Company
100 Shockoe Slip, 2nd Floor
Richmond, Virginia 23219
*Defendant*
CVS TN Distribution, L.L.C.
CT Corporation System
300 Montvue Road
Knoxville, Tennessee 37919
*Defendant*

Walgreens Boots Alliance, Inc.
Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808
*Defendant*

Walgreen Co.
Corporation Service Company
100 Shockoe Slip, 2nd Floor
Richmond, Virginia 23219
*Defendant*

Jacqueline C. Hedblom
Hirschler Law
The Edgeworth Building
2100 East Cary Street
Richmond, VA 23223
Tel.: (804)771-9500
Fax: (804)644-0957
jhedblom@hirschlerlaw.com
(*Attorneys for Defendants Express Scripts Holding Company and Express Scripts, Inc.*)


By: /s/_____

Kaufman & Canoles
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Tel: (757) 624-3196
Fax: (888) 360-9092
E-mail:
*Attorney for Plaintiff*